IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CONNIE REYNOLDS, and**<br>**ROBERT REYNOLDS JR.,** | )<br>)<br>) | |
| Plaintiffs, | )<br>) | 8:04CV91 |
| v. | )<br>) | |
| **WAL-MART STORES, and**<br>**PACIFIC CYCLE, INC.,** | )<br>)<br>) | MEMORANDUM AND ORDER |
| Defendants. | )<br>) | |

    The above-referenced action was originally filed in the District Court of Dixon County, Nebraska and was removed to this court pursuant to 28 U.S.C. §§ 1441 and 1446. Federal subject matter jurisdiction exists, if at all, on the basis of diversity. 28 U.S.C. § 1332(a)(1). See filing 1 (notice of removal). Following removal, the plaintiffs filed an amended complaint which modified the language of the prayer for relief. The complaint currently pending in this court prays for "full compensation" but in an amount "less than $75,000." Filing 23 (amended complaint), "Prayer for Relief" at p. 3-4. The plaintiffs' pending motion for remand, filing 21, claims that since the amount in controversy does not exceed $75,000, this courts lacks subject matter jurisdiction. The plaintiffs have not filed a brief in support of their motion for remand. The defendants have verbally advised the court that they do not oppose the motion for remand, but neither defendant has filed a response to the motion.

    For the reasons discussed herein, I shall allow the parties to supplement the record in this case so that the court can determine whether, as of the date this case was removed to the federal court, there was a reasonable basis for concluding that the plaintiffs may recover more than $75,000 on their claims.

## FACTUAL ANALYSIS

In the absence of a supplemented record, the only facts before the court for assessing jurisdiction are those set forth in the parties' pleadings. Neither party has submitted evidence for the court's consideration on the motion for remand.

This case was originally filed in the District Court of Dixon County, Nebraska on January 22, 2004. The defendants were served on February 2, 2004, and the case was timely removed on February 27, 2004. Filing 1 (notice of removal) ¶ 1.

The plaintiffs' state court petition alleges that on May 19, 2002, plaintiff Connie Reynolds and her husband Robert Reynolds, Sr. purchased a bicycle for their son, plaintiff Robert Reynolds, Jr., from defendant Wal-Mart's store located in South Sioux City, Nebraska. Defendant Pacific Cycle manufactured the bicycle, it was assembled at the Wal-Mart store, and then sold to the Reynolds. Filing 1, notice of removal, ex. A (plaintiffs' petition) at Common Allegations ¶¶ 5-8.

The petition alleges that while Robert Reynolds Jr. was riding the bicycle on a rural road on May 30, 2002, he applied the brakes, the brakes malfunctioned, and he was thrown from the bicycle. The petition alleges that Robert Reynolds Jr. suffered damages including medical expenses, pain and suffering, and loss of bodily function. Plaintiff Connie Reynolds claims loss of consortium arising from her son's injury. Allegations regarding the age of Robert Reynolds, Jr., the nature and extent of his injuries, any permanency related to those injuries, and the amount of any medical expenses allegedly arising from this accident are not included in the petition. Filing 1, notice of removal, ex. A (plaintiffs' petition) at Common Allegations ¶ 8; Count I–Strict Liability ¶ 4; Count II–Negligence ¶ 6. As to each count of this three-count petition, the plaintiffs' Prayer for Relief stated:

> Plaintiffs pray for compensatory damages, jointly and severally, against these Defendants, for costs and other interest and such other relief as the Court may grant.

Filing 1, notice of removal, ex. A (plaintiffs' petition) Prayer for Relief at p. 7-8.  Although the plaintiffs' original state court petition did not request a specific amount as recovery for non-economic and economic damages, the defendant's notice of removal states that the plaintiffs had previously demanded more than $75,000 to settle the lawsuit.  Filing 1 (notice of removal) ¶ 1.

The plaintiffs' amended complaint filed on May 5, 2004 corrected a misnomer in naming Pacific Cycle as a defendant.  Filing 11.  The plaintiffs filed a second amended complaint five days before the scheduled pretrial conference.  Filing 23.  The filing 23 complaint amended the prayer for relief to state:

> Plaintiffs pray for judgment against Defendants in an amount which will fully compensate them for their damages suffered as a result of Defendants' strict liability, but in an amount less than $75,000, inclusive of interest and costs.

Filing 23 (amended complaint), "Prayer for Relief" at p. 3-4.

Simultaneous with filing their second amended complaint, the plaintiffs filed this motion for remand claiming this court lacks subject matter jurisdiction because the amount in controversy is less than $75,000.

## LEGAL ANALYSIS

Whether voiced as an allegation in their pleadings, a demand in the prayer for relief, or a demand for settlement in lieu of pursuing litigation, the plaintiffs' mere allegation of damages made at the outset of litigation is insufficient to prove the amount in controversy when, after extensive discovery, the amount in controversy is challenged.

James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 834 (8th Cir. 2005). Federal jurisdiction does not arise when the plaintiff makes a factually and legally unsupported claim for damages exceeding $75,000 and the defendant fails to challenge the demand. Id. However, a corollary to this rule also exists. If federal jurisdiction was properly invoked and existed at the outset of the litigation, the plaintiff cannot by stipulation, affidavit, or amendment of pleadings, reduce the claim below the requisite amount and thereby deprive the district court of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). See also Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000)[1] (where the original personal injury suit demanded approximately $950,000 in damages and was removed to federal court, plaintiff's post-removal dismissal of that complaint and re-filing of a complaint seeking recovery "not exceeding $75,000" did not divest the federal court of subject matter jurisdiction over the second action); De Aguilar v. Boeing Co., 47 F.3d 1404, 1406 (5th Cir. 1995) (plaintiffs' post-removal affidavits purporting to limit the damages they were seeking could not support remand on the ground that the $50,000 jurisdictional amount requirement was not satisfied); Angus v. Shiley Inc., 989 F.2d 142 (3d Cir. 1993) (recipient's stipulation that claims would not total more than $50,000 did not require remand as stipulation after removal could not affect amounts claimed in original complaint); Matter of Shell Oil Co., 970 F.2d 355 (7th Cir. 1992) (post-removal affidavit or stipulation by plaintiff limiting recovery to less than the jurisdictional amount in controversy was ineffective to destroy diversity jurisdiction). "[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury ,303 U.S. at 293. The court must determine whether, had the amount in controversy been "challenged at the time of removal

---

[1] Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868 (6th Cir. 2000) abrogated Goodman v. Wal-Mart Stores, Inc., 981 F. Supp. 1083 (M.D. Tenn.1997). Goodman held that regardless of the plaintiff's motives, his post-removal amendment of the complaint to the damage demand to $74,000 served to destroy subject matter jurisdiction and necessitated a remand.

instead of now, it would have been founding as lacking then as it is now."   James Neff, 393 F.3d at 834.

On the record before me, the "amount in controversy" cannot be determined from the face of the plaintiffs' state court petition, and no evidence has been submitted to evaluate the "amount in controversy" requirement as of the time this case was removed.  I cannot discern whether, by amending their prayer for relief, the plaintiffs are claiming:  1) based on completed discovery and litigation developments, they now believe their damage claim is actually valued at less than $75,000; 2) when faced with the upcoming pretrial conference, they decided not to seek more than $75,000; or 3) they believe their damage claims were not worth more than $75,000 when this lawsuit was filed.  The defendant's notice of removal states the plaintiffs' settlement demand was more than $75,000 and such information, combined with damage demands and specific allegations within the plaintiff's complaint, can provide a sufficient basis for proving the amount in controversy requirement.  Lindsey v. Dillard's, Inc., 306 F.3d 596, 599 n.4 (8th Cir. 2002).  However, the plaintiffs' petition contains no information as to the type or extent of injury sustained and, consistent with Nebraska pleading rules, the plaintiffs did not allege a specific damage amount for their non-economic damages.  Further, though economic damages should be alleged with specificity under Nebraska law, the state petition also did not allege the amount of medical expenses at issue.

The plaintiffs' filing 23 amended complaint did not amend the allegations of the pleading; it amended only the prayer for relief.   Under Nebraska law, the prayer of a petition is not an allegation of fact in support of the cause of action, and where the alleged facts state a cause of action and are supported by evidence, the court may grant relief exceeding that requested in the plaintiff's prayer.  See e.g. Trieweiler v. Sears, 268 Neb. 952, 971-972, 689 N.W.2d 807, 830 (2004); Connor v. State Dept. of Roads, 175 Neb. 140, 141, 120 N.W.2d 916, 917 (Neb.1963).  If the prayer for relief is not necessarily binding on the plaintiff under applicable principles of state law, and the plaintiff's cause of action presents an amount in controversy exceeding the jurisdictional

requirements, removal is not defeated by a monetary prayer for less than that amount. De Aguilar v. Boeing Co., 47 F.3d 1404, 1410 (5th Cir. 1995).

Simply stated, there are many types of injuries that can arise from bicycle mishaps; many do not raise potential damage claims exceeding $75,000, and some are life-threatening. Where plaintiff Robert Reynolds, Jr.'s injuries land on that continuum is unknown and unknowable under the pleadings and record before me. "Where, as here, the amount in controversy is sufficiently unclear as to permit disagreement over whether the complaint is removable on its face, the court must 'provide the parties with the opportunity to satisfy the court as to the amount in controversy.'" Varboncoeur v. State Farm Fire & Cas. Co., 356 F. Supp. 2d 935, 942 (S.D. Iowa 2005) (quoting Wiemers v. Good Samaritan Soc'y, 212 F. Supp. 2d 1042, 1045 (N.D. Iowa 2002). See also James Neff, 393 F.3d at 834 (requiring the parties to submit supplemental briefing to the Eighth Circuit Court of Appeals on the issue of amount in controversy at the time of removal); Quinn v. Kimble, 228 F. Supp. 2d 1038, 1039 (E.D. Mo. 2002) (concluding removal was proper where, despite Missouri pleading rules which prevented the plaintiffs from pleading a specific amount in controversy, and plaintiffs' claim that they were willing to settle for substantially less than $75,000, medical records and evidence of injuries submitted on the amount in controversy issue established that the plaintiffs could recover a verdict exceeding $75,000).

**IT THEREFORE IS ORDERED:** The defendants are given until **July 25, 2005** to file a brief and any evidence supporting their claim that, as of the date they removed this case to federal court, the plaintiffs' claims may have resulted in a damage award exceeding $75,000. The plaintiffs shall have until **August 4, 2005** to submit any responsive evidence or arguments.

**DATED this 15th day of July, 2005.**

                                              **BY THE COURT:**

                                              **s/ F.A. Gossett**
                                              **United States Magistrate Judge**