IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CONNIE REYNOLDS, and ROBERT REYNOLDS JR., | )<br>)<br>) |
| Plaintiffs, | )   8:04CV91<br>) |
| v. | )<br>) |
| WAL-MART STORES, and PACIFIC CYCLE, INC., | )   REPORT AND RECOMMENDATION<br>)<br>) |
| Defendants. | )<br>) |

The plaintiff has filed a motion to remand this case to the District Court of Dixon County, Nebraska, filing 21, claiming the amount in controversy does not exceed $75,000, and therefore this courts lacks subject matter jurisdiction. The defendants failed to timely respond to the motion for remand.

The plaintiff's motion for remand raised the issue of whether a plaintiff may, after the case has been removed to federal court, divest a federal court of subject matter jurisdiction by amending their prayer for relief and requesting less than $75,000 in damages. This court's July 15, 2005 memorandum and order, filing 25, outlined the factual allegations of record, held that federal jurisdiction is determined as of the date of removal and not by plaintiffs' post-removal pleading amendments, and advised the parties that under the record presented, the court could not ascertain whether the plaintiffs could, as of the time the case was removed, potentially obtain a damage verdict exceeding $75,000. The factual statement and analysis of the July 15, 2005 memorandum and order are not repeated herein but rather incorporated by reference for the purposes of this report and recommendation.

Other than a settlement demand sent before the case was filed, the record as of July 15, 2005 was devoid of any true basis for determining the amount in controversy. However, defendants' removal notice stated the amount in controversy exceeded $75,000. Where federal jurisdiction is properly invoked, the courts are generally bound to exercise that jurisdiction.

> [Federal courts] have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. . . . The courts of the United

> States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another . . . . When a Federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction.

New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 358 (1989)(internal citations omitted).

To assist this court is determining whether the defendants properly invoked this court's jurisdiction, and having clearly explained that the time frame at issue was the date of removal and not the date of plaintiff's motion for remand, I entered the following order:

> The defendants are given until **July 25, 2005** to file a brief and any evidence supporting their claim that, as of the date they removed this case to federal court, the plaintiffs' claims may have resulted in a damage award exceeding $75,000. The plaintiffs shall have until **August 4, 2005** to submit any responsive evidence or arguments.

See filing 25. Despite this court order, the defendants filed nothing in response to the plaintiffs' motion for remand.

Where, as in this case, the plaintiffs' state court pleading alleged no specific amount of damages, the removing parties must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003). A federal district court is required to resolve all doubts about federal jurisdiction in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

For the reasons more thoroughly discussed in the July 15, 2005 order, I conclude the defendants have failed to meet their burden of proving the amount in controversy exceeds $75,000.[1]

---

[1] While it is true the defendants "failed" to meet their burden, this failure occurred because the defendants wholly ignored both the plaintiffs' motion for remand and this court's July 15, 2005 order. The combination of the plaintiffs' motion for remand and the defendants' responsive silence reflects that both parties reached their desired outcome–an eleventh hour remand of this case, which had been pending in federal court for seventeen months, back to state court.

Waiting for over a year to raise the jurisdictional issue violated the duty of counsel and the goal of this

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Laurie Smith Camp, United States District Judge, pursuant to 28 U.S.C. §636(b)(1)(B), that the plaintiffs' motion for remand, filing 21, be granted.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

**Dated this 8th day of August, 2005**

        **BY THE COURT:**

        **s/ F.A. Gossett**
        **United States Magistrate Judge**

---

court, to assure that controversies are resolved in a fair, just, and expeditious manner. Moreover, the parties' timing in raising the jurisdictional issue came at the expense of the United States District Court system, which had labored on the pretrial issues of this case and set the case for trial before a visiting judge only to then be apprised that jurisdiction may be lacking.

The defendants' conduct, or lack thereof, is of particular concern. The defendants, in filing their notice of removal, represented that the amount in controversy exceeded $75,000. Yet when that allegation was challenged by a motion for remand, they provided no factual basis for their claim. Either the defendants chose not to provide this court with evidence to decide the jurisdictional issue, or evidence of a potential $75,000 claim never existed. Neither excuse for ignoring the motion for remand and the court's July 15, 2005 order is acceptable.

Rule 11 of the Federal Rules of Civil Procedure explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed. Where a party or counsel fails to properly allege federal jurisdiction, Rule 11 sanctions may be warranted. Walker by Walker v. Norwest Corp., 108 F.3d 158 (8th Cir. 1997). If an attorney alleges jurisdiction when reasonable inquiry would show it did not exist, he or she may be held liable for sanctions. Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998). "A court may, as indeed Congress suggested it should, . . . use Rule 11 of the Federal Rules of Civil Procedure to sanction attorneys who file complaints whose jurisdictional allegations are markedly deficient insofar as any realistic possibility of recovery of the jurisdictional amount. Appropriate use of that rule could provide a needed disincentive for attorneys to wildly overestimate damage claims in order to obtain diversity jurisdiction." Rosenboro v. Kim, 994 F.2d 13, 19 (D.C. Cir. 1993).

Even after remand for lack of subject matter jurisdiction, a federal court may impose Rule 11 sanctions on counsel and parties who have improperly attempted to invoke federal jurisdiction. Willy v. Coastal Corp., 503 U.S. 131, 135 (1992). I have considered that option, and though I have decided not to pursue a Rule 11 inquiry in this case, the parties and their counsel should not interpret this decision as condoning their behavior. From this court's perspective, the record reflects, at the very least, an abuse of the federal court and an improper use of its removal and remand procedures to forum shop and delay trial.